FILED
MISSOULA, MT

2006 OCT 5 PM 4 55

PATRICK E. DUFFY

BY _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| KENNETH HOFFMAN and DONNA HOFFMAN, guardian for KENNETH HOFFMAN, | ) ) ) ) | CV-06-83-M-DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| GEICO INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

## I. Introduction

On August 28, 2006, United States Magistrate Judge Jeremiah C. Lynch signed his Findings and Recommendation (dkt #9) in this matter addressing Defendant GEICO's motion to dismiss (dkt #3). Judge Lynch recommended dismissing Plaintiffs Hoffmans' claims of fraud, constructive fraud, and mistake but otherwise denying the motion to dismiss. GEICO objected and therefore the Court conducted a de novo review of the record. 28 U.S.C. § 636(b)(1) (2000). I agree with Judge Lynch's analysis. The Parties are familiar with the procedural and the factual background so they

-1-

will be restated only as necessary.

II.  Analysis

A.   **Standard of Review for a Rule 12(b)(6) Motion to Dismiss.**

Under Federal Rule of Civil Procedure 12(b)(6) a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must accept all allegations of material fact as true, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576. "A complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff relies on a different legal theory." *Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464 (9th Cir. 1985). Finally, "dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1196 (9th Cir. 1998) (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)). *See also Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

B.   **GEICO's Motion to Dismiss.**

Judge Lynch correctly determined *Dempsey v. Allstate Insurance Co.*, 2004 MT 391, 326 Mont. 207, 104 P.3d 483,

retroactively invoked the stacking provisions holding from *Hardy v. Progressive Specialty Insurance Co.*, 2003 MT 85, 315 Mont. 107, 67 P.3d 892, for the Hoffmans' breach of contract claim. Consequently, the Hoffmans' breach of contract claim for failure to stack coverages is not barred by the temporal limitations found in *Dempsey* and cannot be dismissed through GEICO's pretrial motion.

The Montana Supreme Court's *Hardy* decision overturned Montana's anti-stacking statute and mandated that insurance companies stack benefits for separate premiums. The Court then resolved the question of the retroactive application of the *Hardy* ruling in *Dempsey*. After a lengthy discussion on the development of both federal and state case law addressing the prospective and retroactive application of court decisions, the *Dempsey* Court concluded,

> For the foregoing reasons we conclude that *Hardy* applies retroactively to require payment of stacked uninsured, underinsured motorist and medical payment insurance coverages in qualifying circumstances on open claims arising before its issuance. However, in the interests of finality, as discussed above, we limit this retroactivity to cases pending on direct review or not yet final.

*Dempsey*, ¶ 37. It is this guidance that compels the Court to find that although the Parties had reached some resolution of the matter outside of the legal system, it was not a legal case and does not bar the Hoffmans from proceeding with their stacking claim herein.

The Court notes that both Judge Lynch and GEICO reference

-3-

paragraph 31 where the *Dempsey* Court seemingly contemplated not applying the retroactivity holding to disputes that were "settled" before *Hardy*.[1]  GEICO asserts that this passage manifests the *Dempsey* Court's view that a settlement, such as the initial agreement with the Hoffmans, suffices to shield this case from the application of *Hardy*.  However, the *Dempsey* holding requires judicial finality to bar the retroactive application of *Hardy*, not some manner of settlement where one party was without legal representation and may not have received adequate consideration.

The Court further concurs that the question of the legality of the release presents an issue that is independent of stacking and the *Hardy* holding.  That is, the Hoffmans could have sued GEICO questioning the legality of the release without reference to stacking and the Court could not dismiss the entirety of the case on a Rule 12 motion as GEICO requests.  Nor can the Court dismiss the action here where the Hoffmans have presented a valid claim on the release.

Finally, the Court finds that the Hoffmans' claims based on fraud, constructive fraud, and mistake are barred by the statute of limitations.  The Hoffmans filed suit on March 13, 2006.  There are no allegations that GEICO concealed facts that would

---

[1] "For reasons of finality we also conclude that the retroactive effect of a decision does not apply *ab initio*, that is, it does not apply to cases that became final or were settled prior to a decision's issuance.  *Id.*, ¶ 31.

have otherwise given the Hoffmans notice and because the law
imposes upon the Hoffmans a standard of due diligence for
discovery, the two-year statute of limitations ran on these
claims where the cause of action accrued more than two years
before March 13, 2006.  *See* Mont. Code Ann. § 27-2-203.

Consequently, GEICO's motion to dismiss is granted as to the
fraud, constructive fraud, and mistake claims, but is denied in
all further respects.

### III.  Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that Judge
Lynch's Findings and Recommendation (dkt #9) are adopted in full:
Defendant's motion for dismissal (dkt #3) is GRANTED IN PART and
DENIED IN PART as set forth above.

The case is referred back to Judge Lynch for all remaining
pretrial proceedings in accordance with this Court's August 28,
2006 Order.


DATED this __5__ day of October, 2006.

_____
Donald W. Molloy, Chief Judge
United States District Court